# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KELSEY BREEDLOVE,

                Plaintiff,

v.

WAUWATOSA POLICE DEPARTMENT,

                Defendant.

Case No. 25-CV-260-JPS

**ORDER**

### 1. INTRODUCTION

Plaintiff Kelsey Breedlove ("Plaintiff") sues Defendant Wauwatosa Police Department ("Wauwatosa PD"), alleging that its officers "apprehend[ed]" him without probable cause and, while doing so, used excessive force. ECF No. 1 at 2. Plaintiff also moves for leave to proceed in forma pauperis. ECF No. 2.

This order screens Plaintiff's pro se complaint. For the reasons discussed herein, the Court concludes that Plaintiff's complaint fails to name an appropriate defendant for the relief Plaintiff seeks, and thus that his complaint cannot survive screening. The Court will defer resolving Plaintiff's motion for leave to proceed in forma pauperis and will grant Plaintiff leave to file an amended complaint.

### 2. MOTION TO PROCEED IN FORMA PAUPERIS

A party proceeding pro se may submit a request to proceed without prepaying the filing fees, otherwise known as a motion to proceed in forma pauperis. "The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure [that] indigent litigants have meaningful access to the

federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits." *Rodriguez v. Crim. Just. Facility Safety Bldg.*, No. 23-CV-394, 2023 WL 3467565, at *1 (E.D. Wis. Apr. 7, 2023) (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)), *report and recommendation adopted sub nom. Rodriguez v. Crim. Just. Facility*, No. 23-CV-394-PP, 2023 WL 3467507 (E.D. Wis. May 15, 2023).[1]

To determine whether it may authorize a litigant to proceed in forma pauperis, the Court engages in a two-part inquiry. It must examine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. § 1915(a). The Court must also examine whether the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief"; if any of these criteria applies, the Court "shall dismiss the case." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). Likewise, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The Court engages in this part of the inquiry *infra* Section 3.

It follows that a litigant whose complaint does not clear the § 1915(e)(2) threshold or does not plead claims within the Court's subject matter jurisdiction, and whose case cannot proceed as a result, necessarily cannot reap the benefits of proceeding in forma pauperis. In other words,

---

[1] Although 28 U.S.C. § 1915(a) specifically references "prisoner" litigants, it has been interpreted as providing authority for such requests by both prisoner and non-prisoner pro se litigants alike. *Floyd v. U.S. Postal Serv.*, 105 F.3d 274, 275–76 (6th Cir. 1997), *superseded by rule on other grounds as recognized by Callihan v. Schneider*, 178 F.3d 800 (6th Cir. 1999); *see also Mitchell v. Farcass,* 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) ("Section 1915(e) applies to all [in forma pauperis] litigants—prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.") (Lay, J., concurring)).

although in forma pauperis status ought to be granted to those impoverished litigants "who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them," *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972), a pro se litigant's financial status is only part of the picture in determining whether the litigant's case may proceed without payment of the filing fee.

The Court declines to analyze at this juncture whether Plaintiff is indigent because, as it discusses *infra* Section 3, there are barriers to Plaintiff proceeding with this lawsuit that must first be addressed. The Court will accordingly defer ruling on Plaintiff's motion for leave to proceed in forma pauperis.

3.   **SCREENING THE COMPLAINT**

    3.1    **Legal Standard**

Notwithstanding the payment of any filing fee, the Court may screen a complaint and dismiss it or any portion thereof if it raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense. This is so even when the plaintiff has paid all fees for filing and service . . . ."); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants . . . regardless of fee status."). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke,* 490 U.S. at 325); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997) (quoting *Neitzke*, 490 U.S. at

325). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This rule "requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *United States, ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003).

The complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (quoting *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81 (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)). However, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678) (internal bracketing omitted).

### 3.2 Plaintiff's Allegations

Plaintiff alleges that at approximately 7:10 PM on February 18, 2025, while he was "going on lunch breach at school," Wauwatosa PD officers used "unnecessary force" to "apprehend" him. ECF No. 1 at 2. He further alleges that the officers had their guns out and pushed him against a squad car, at some point asking him if he had a gun. *Id.* The officers also allegedly "[s]earched and broke [Plaintiff's] car door panel." *Id.* Plaintiff further asserts that the police ran his plates during the encounter and discovered that he had no outstanding warrants or holds. *Id.* This all occurred in front of Plaintiff's class and teachers, which humiliated him. *Id.* According to Plaintiff, the officers told him that their actions were part of "a routine check around the campus," but he alleges that he was targeted "without any cause." *Id.* It is not clear from Plaintiff's allegations whether he was arrested. A search of Plaintiff's name in the Wisconsin Circuit Court Access database reveals no ongoing cases, so if Plaintiff was arrested it appears not to have led to any charges.[2]

### 3.3 Analysis

Reading Plaintiff's complaint liberally, as it must do—*Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015))—the Court discerns a Fourth Amendment Wrongful Seizure Claim, a Fourth Amendment Excessive Force claim, and a Fourth Amendment Wrongful Search claim. It will analyze each in turn.

---

[2]The Court may take judicial notice of public records, including state court records. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994). The Wisconsin Circuit Court Access database does reveal several closed cases in which Plaintiff was a party, which are relevant only insofar as they reveal that Plaintiff is male, which was not otherwise clear from the complaint. The Court accordingly uses he/him pronouns throughout this Order.

### 3.3.1 Fourth Amendment Wrongful Seizure

"To state a Fourth Amendment claim, a plaintiff must allege that the defendant's conduct constituted a seizure and that the seizure was unreasonable." *Welton v. Anderson*, 770 F.3d 670, 675 (7th Cir. 2014) (citing *Bielanski v. County of Kane*, 550 F.3d 632, 637 (7th Cir. 2008)); *see also Molina v. Latronico*, 430 F. Supp. 3d 420, 434 (N.D. Ill. 2019) (noting that "[a]n arrest is one flavor of seizure," but other encounters may also qualify as seizures within the meaning of the Fourth Amendment (citing *United States v. Ienco*, 182 F.3d 517, 523 (7th Cir. 1999))). "A seizure of a person is generally defined in terms of an intentional limitation of a person's freedom of movement." *Bielanski*, 550 F.3d at 637 (citing *County of Sacramento v. Lewis*, 523 U.S. 833, 843–44 (1998); *California v. Hodari D.*, 499 U.S. 621, 625–26 (1991); and *Belcher v. Norton*, 497 F.3d 742, 748 (7th Cir. 2007)). The test for whether a seizure has occurred is an objective one, asking "what a reasonable person would believe." *Rodgers v. Lincoln Towing Serv., Inc.*, 771 F.2d 194, 200 (7th Cir. 1985) (citing *United States v. Borys*, 766 F.2d 304, 308 (7th Cir. 1985) and *United States v. Black*, 675 F.2d 129, 133–34 (7th Cir. 1982), *cert. denied*, 460 U.S. 1068).

Section 1983 permits a plaintiff to sue a person who violated his constitutional rights, while acting under color of state law. 43 U.S.C. § 1983; *Wilson v. Warren County*, 830 F.3d 464, 468 (7th Cir. 2016) (citing *Armato v. Grounds*, 766 F.3d 713, 719–20 (7th Cir. 2014)). Accordingly, at this stage, Plaintiff's allegations would be sufficient to proceed on a wrongful seizure claim against the individual officers involved in the February 18 encounter because he sufficiently alleges that the officers seized him without sufficient cause. Specifically, he alleges that, for no other reason other than as part of a "routine check around the campus," and without probable cause, officers

stopped him during his lunch break and required him to answer questions, thereby intentionally limiting his freedom of movement. ECF No. 1 at 2.

Plaintiff does not name any of the individual officers as defendants in this case, however. Instead, he names only the Wauwatosa PD. But the Wauwatosa PD is not an entity capable of being sued under § 1983, because "[u]nder Wisconsin law, the [Wauwatosa PD] 'is not a legal entity separable from the county government which it serves,' and is therefore not subject to suit under § 1983.'" *Farr v. Waukesha Police Dep't*, No. 21-CV-469-PP, 2021 WL 2806205, at *2 (E.D. Wis. July 6, 2021) (quoting *Whiting v. Marathon Cty. Sheriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004)).

Because Plaintiff names only Wauwatosa PD in this action, and Wauwatosa PD is not an entity that may be sued under § 1983, this claim cannot survive screening as pled.

### 3.3.2 Fourth Amendment Excessive Force

A non-incarcerated citizen's "claim for excessive force is analyzed under the Fourth Amendment's objective reasonableness standard." *Harper v. City of Kenosha*, No. 09-C0088, 2009 WL 995725, at *2 (E.D. Wis. Apr. 14, 2009) (citing *Graham v. Connor,* 490 U.S. 386, 388 (1989)). "The question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id.* at *2 (quoting *Graham*, 490 U.S. at 397) (internal bracket omitted). The amount of force permitted depends on the situation, including "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting . . . ." *Graham*, 490 U.S. at 396.

Like Plaintiff's wrongful seizure claim, his allegations would be enough to survive screening as to the individual officers on this excessive

Page 7 of 11
Case 2:25-cv-00260-JPS    Filed 05/22/25    Page 7 of 11    Document 4

force claim because he sufficiently alleges that the officers used excessive force against him. Specifically, he alleges that, for no other reason other than as part of a "routine check around the campus," officers pushed him against a squad car and drew their guns. ECF No. 1 at 2. Plaintiff names only Wauwatosa PD, however, and not the individual officers he encountered on February 18. Accordingly, this claim cannot survive as pled. *See supra* Section 3.3.1.

### 3.3.3 Fourth Amendment Wrongful Search

"Warrantless searches are per se unreasonable under the Fourth Amendment, unless an exception applies." *United States v. Smith*, 989 F.3d 575, 581 (7th Cir. 2021) (citing *United States v. Kizart*, 967 F.3d 693, 695 (7th Cir. 2020)). "[W]arrantless searches are constitutionally permissible 'under certain narrowly proscribed exceptions,' including where exigent circumstances" exist. *United States v. Huddleston*, 593 F.3d 596, 600 (7th Cir. 2010) (quoting *United States v. Bell*, 500 F.3d 609, 612 (7th Cir. 2007)). "Exigent circumstances exist if an officer had an objectively reasonable belief that there was a compelling need to act and no time to obtain a warrant." *Id.* (quoting *Leaf v. Shelnutt*, 400 F.3d 1070, 1081 (7th Cir. 2005)) (internal bracket and quotation marks omitted).

Like Plaintiff's other Fourth Amendment claims, his allegations would be enough to survive screening as to the individual officers on his wrongful search claim, because his allegations imply that there were no exigent circumstances supporting a warrantless search of his vehicle. ECF No. 1 at 2. Nor is it apparent that some other exception to the warrant requirement clearly applies. He also alleges that he a search of his plates revealed no outstanding warrants or holds for him. *Id.* Again, however, Plaintiff names only Wauwatosa PD and not the individual officers he

encountered on February 18. Accordingly, this claim cannot survive as pled. *See supra* Section 3.3.1.

## 4. CONCLUSION

For the reasons stated above, none of Plaintiff's claims can survive screening, but the Court will grant Plaintiff an opportunity to try again by filing an amended complaint. The Court is enclosing a copy of its amended complaint form and instructions. If Plaintiff chooses to take advantage of this opportunity, he must file a legible complaint on or **June 20, 2025**. His amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." If Plaintiff does not currently have the names of specific defendants he would like to name, he may insert Officer Doe #1, Officer Doe #2, etc. to discuss allegations against those individuals. Plaintiff's amended complaint does not need to be long or contain legal language or citations to statutes or cases, but the amended complaint must provide the Court and Defendant(s) with notice of what any defendants allegedly did or did not do to violate Plaintiff's rights. Any such amended complaint must be complete in and of itself without reference to the original complaint. *Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1057 (7th Cir. 1998) (citing *Wellness Cmty.-Nat'l v. Wellness House*, 70 F.3d 46, 49 (7th Cir. 1995)). In the case of amendment, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* (quoting *Fuhrer v. Fuhrer*, 292 F.2d 140, 144 (7th Cir. 1961)).

If Plaintiff files an amended complaint, it will become the operative complaint in this matter, and the Court will screen it in accordance with 28 U.S.C. § 1915. If Plaintiff fails to timely file an amended complaint as

instructed herein, or if he files a complaint that fails to comply with Rule 8 or fails to invoke this Court's jurisdiction, the Court will dismiss his case.

Accordingly,

**IT IS ORDERED** that the Clerk's Office mail Plaintiff a blank non-prisoner amended complaint form and a copy of the guide entitled "Answers to Pro Se Litigants' Common Questions," along with this Order; and

**IT IS FURTHER ORDERED** that Plaintiff shall, on or before **June 20, 2025**, **FILE** a legible amended complaint in accordance with the instructions provided herein. Failure to timely do so will result in dismissal of this action without prejudice and without further notice.

Dated at Milwaukee, Wisconsin, this 22nd day of May, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

> Plaintiff will be required to submit all correspondence and legal material to:
>
> > Office of the Clerk
> > United States District Court
> > Eastern District of Wisconsin
> > 362 United States Courthouse
> > 517 E. Wisconsin Avenue
> > Milwaukee, Wisconsin 53202
>
> **DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.
>
> Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.